## Commonwealth v. Golden

*Albert Foster*, district attorney, for plaintiff.
*C. S. Trump* and *Merrill W. Kerlin*, for defendant.

SHEELY, P. J., May 22, 1951.—Defendant was charged before a justice of the peace with having violated section 504 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §134, by operating upon a public highway of Pennsylvania a truck bearing West Virginia registration plates but owned by D. Raymond Chesnut, a resident of Pennsylvania. The court allowed an appeal from his conviction. At the hearing on the appeal certain facts were stipulated and others were testified to by Chesnut. No facts are in dispute.

Chesnut, a resident of Pennsylvania, is a contractor who does business in Pennsylvania, Maryland and West Virginia. He has an office at his home at Warfordsburg, Fulton County, Pa., one at a garage in Hancock, Md., where he also keeps his roadworking equipment, and one at Berkeley Springs, W. Va. The office at Berkeley Springs was established because Pennsylvania police had told him not to bring West Virginia trucks into Pennsylvania unless he had an office there. All West Virginia correspondence is handled through that office and an employe is in charge. He estimates that about 50 percent of his total work is done in Maryland, 25 percent in West Virginia, and 25 percent in Pennsylvania. None of his equipment is registered in Maryland; six dump trucks are registered and maintained in West Virginia, and a passenger car, pickup truck, tractor and trailor, and four dump trucks are registered in Pennsylvania.

Chesnut had a contract with the supervisors of Brush Creek Township, Fulton County, to do certain work on township roads. In connection with the work he operated a power shovel along State Highway Route 126 to dig shale from embankments. The shale was hauled in his dump trucks on Route 126 to. Legislative Route 29019 and thence to the township roads which were being repaired. The dump truck being operated by de-

fendant bore West Virginia registration plates and did not meet with Pennsylvania inspection requirements.

Section 504 of The Vehicle Code (75 PS §134) provides that: "Except as is provided in this act for non-residents, no registration plate or plates shall be displayed on any motor vehicle . . . other than those issued by the department; nor shall there be displayed upon any motor vehicle . . . owned by a resident of this Commonwealth, while operating the same upon any highway in this Commonwealth, any registration plate or plates issued by any other state or foreign country, but a resident of this Commonwealth may display, in addition to the Pennsylvania registration plate or plates, registration plate or plates of one or more states."

Defendant contends that although Chesnut, the owner of the truck, is a resident of Pennsylvania, he is entitled to the benefit of the reciprocity agreement between the Commonwealth of Pennsylvania and the State of West Virginia whereby a resident of the latter State may bring into Pennsylvania, under certain conditions and for certain periods of time, vehicles registered in that State without being required to have such vehicles registered in Pennsylvania. In other words, it is the contention of defendant that the maintenance by Chesnut of an office in West Virginia makes him a nonresident of Pennsylvania within the meaning of The Vehicle Code.

Reciprocity agreements are provided for by section 409 of The Vehicle Code (75 PS §99) which provides, inter alia, that:

"The secretary shall have the authority to make agreements with the duly authorized representatives of other states, exempting the *residents of such other states* using the highways of this Commonwealth from the payment of all or any taxes, fees, or other charges imposed under this act, with such restrictions, condi-

tions, and privileges, or lack of them, as he may deem advisable, providing that all vehicles *owned by nonresidents* shall be properly registered in the *State of the residence of their owner*, . . . and that residents of this Commonwealth, when using the highways of such other state, shall receive exemptions of a similar kind to a like degree." Section 409 (*e*) further provides: *"Nonresidents of this Commonwealth,* except as otherwise provided in this act, even in the absence of any agreement as hereinbefore provided, will be exempt from the provisions of this act as to the registration of motor vehicles . . . for the same time and to the same extent as like exemptions are granted *residents of this Commonwealth* under the laws of the foreign country or state of such nonresidents. . . ."

Under section 2 of The Vehicle Code, as amended (75 PS §2) the word "resident" is defined as "Any person who has a regular place of abode or business in the Commonwealth for a period of more than thirty (30) consecutive days in the year, except as otherwise provided in sections four hundred nine and six hundred three", and the word "nonresident" is defined as "Any person not a resident of this Commonwealth". Under these definitions a person residing in another State may become a "resident" of this Commonwealth within the meaning of the code by having a regular place of business in the Commonwealth for a period of more than 30 days, but a person residing in Pennsylvania cannot become a "nonresident" since the latter term is restricted to a person who has neither a regular place of abode nor a regular place of business in the Commonwealth. Therefore, a resident of Pennsylvania cannot acquire the rights of a nonresident under a reciprocity agreement by maintaining a place of business in another State although the maintenance of such business may make him a "resident" of the other State within the meaning of its laws.

Applying these definitions to the provisions of sections 504 and 409, it is clear that the Secretary of Revenue has no authority to enter into a reciprocity agreement with the State of West Virginia whereby a resident of Pennsylvania could be exempt from the provisions of The Vehicle Code relating to registration of motor vehicles simply because the vehicle owned by him is registered in West Virginia, and it is also clear that a vehicle owned by a resident of Pennsylvania cannot be operated within this Commonwealth unless properly registered with the Secretary of Revenue.

That it is the residence of the owner which governs the requirement of registration in Pennsylvania is clear from the provisions of section 401 of The Vehicle Code (75 PS §91), which provides that except as thereinafter provided "no motor vehicle . . . shall be operated upon any highway in this Commonwealth until such motor vehicle . . . shall have been properly registered with the department . . ." Subsection (c) provides that:

"Every nonresident, including any foreign corporation carrying on business within this Commonwealth and owning and regularly operating in such business any motor vehicle . . . within this Commonwealth, unless exempted from registration under the terms of a reciprocity agreement, shall be required to register each such vehicle and pay the same fee therefor as is required with reference to like vehicles owned by residents of this Commonwealth."

This section is constitutional as against the contention that it is an interference with interstate commerce: Commonwealth v. Ferrari, 114 Pa. Superior Ct. 290 (1934).

Since defendant did operate upon the highways of this Commonwealth a motor vehicle owned by a resident of this Commonwealth displaying registration plates issued by the State of West Virginia defendant

is guilty of a violation of section 504 of The Vehicle Code.

And now, May 22, 1951, the judgment of the court is that defendant is guilty as charged and he is directed to appear before the court on June 4, 1951, for sentence unless in the meantime he remits the statutory fine of $25 and the costs to the clerk of this court.